BROWNING, C.J.
Appellants appeal a final judgment of foreclosure and allege that the trial court erred by not determining that Appellants tendered legal payment to Appellees prior to the entry of the final judgment of foreclosure that barred its entry. We agree and reverse.
This appeal stems from an action to foreclose an agreement for deed given by the Appellees to Appellants. After considerable litigation the trial court entered the two orders that form the basis of this appeal. One order was entered on June 3, 2004, and provides that Appellants owe Appellees $90,815.30 and that such amount must be paid on or before May 12, 2004, to the office of Appellees’ attorney, and if not paid on that date, upon submission of an affidavit from Appellees’ attorney of nonpayment, a final judgment would be entered ex parte. Proceedings after the June 3, 2004, order necessitated entry of another order specifying and ordering payment by Appellant of $90,815.30, plus a per diem interest charge of $25.09 from May 12, 2004, until payment of such amount to Appellees’ attorney on or before October *338 15, 2004. If not paid, the order further provided that the remedies available to Appellees under the court’s order of June 3, 2004, were available to Appellees.
After entry of the October 13, 2004, order, Appellants, on October 19, 2004, tendered a good and sufficient check for the amount owed to Appellees under the October 13, 2004, order, made payable jointly to Appellees and Washington Mutual Bank, the holder of the mortgage lien on the property to be conveyed by Appel-lees to Appellants; the mortgage indebtedness was the debt of Appellees, who could not give Appellants a marketable title without removing this lien by payment. Appellees rejected such tender on the ground that Appellants were required to pay the full amount only to Appellees, and that they would have to trust that Appellees would pay Washington Mutual Bank and clear the title to the property Appellants were purchasing. In other words, Appellees insisted on Appellants’ receiving an encumbered title at closing and trusting Appellees to do the proper thing, pay off Appellees’ mortgage indebtedness. Appellants prudently rejected such possibility, paid Washington Mutual Bank directly, and paid the balance owed to Appellees solely. These payments would have provided to, and for, Appellees’ benefit, the total amount due to them under the judge’s orders, but Appellees rejected such payment as well and continued the litigation before the trial court by moving ex parte for entry of a final judgment of foreclosure. Appellants made a timely objection to entry of such final judgment.
At the ensuing hearing, Appellants argued that their tender of such payment constituted “payment” as a matter of law, but the trial court disagreed and ordered the lands sold at a foreclosure sale. Ap-pellees bid in the property for $50,000.00, leaving a deficiency of $48,815.30, plus interest. Appellants were unable to bid because of their funds being under the control of their financing bank, and they did not have the $1,300.00 clerk’s fee that was imposed.
The precise issue presented by this appeal has never been addressed by an appellate court of this state. However, there are cases that deal with the elements of “legal payment” that give guidance. See Goble v. Frohman, 901 So.2d 830 (Fla.2005); Nehme v. Smithkline Beecham Clinical Lab., Inc., 863 So.2d 201 (Fla.2003). These cases define “payment” not only as direct payment, but also the discharge of a creditor’s debt by a debtor in certain circumstances. Here, Appellees’ debt, a mortgage indebtedness that had to be satisfied before Appellees could convey an unencumbered title to the property to Appellants as required by the parties’ agreement for deed, would have been discharged had not Appellees refused Appellants’ tender. We conclude that in these circumstances, Appellants’ tender of the joint check to Appellees constituted legal payment.
We are not unmindful of, and consider persuasive on this decision, the long-standing equitable principle that substance prevails over form. See Schupler v. E. Mortgage Co., 160 Fla. 72, 33 So.2d 586 (1948). Our decision is buttressed by this maxim. Appellants, by their tender of the joint check to Appellees, provided them with every dollar owed to them if Appellants performed as required by the parties’ agreement for deed. To hold that payment was improper because Appellees wanted to personally pay their lien indebtedness to Washington Mutual Bank violates such maxim.
Moreover, to hold otherwise would lead to an absurd result and impose burdensome consequences on the real estate closing market. Closing attorneys and title companies close thousands of transactions each business day. Where the prop *339 erty involved in a transaction is subject to an existing lien, which is the rule rather than the exception, at closing any lien-holders are paid off and the amount credited to the party that created the lien. Payment to the lienholder is considered payment to the debtor party because it is for the benefit of such party by discharging that party’s debt and clears the title for the purchasing party, as required by most contracts to purchase. The consequences of not following such a rule would expose closing agents to professional liability, foster litigation, and encourage unwanted business practices.
For these reasons, we REVERSE and REMAND for proceedings consistent with this opinion.
KAHN, J., concurs in result; DAVIS, J., dissents with opinion.